IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **Cedar Lane Technologies Inc.,** | Case No. 6:22-cv-59 |
| Plaintiff, | Patent Case |
| v. | Jury Trial Demanded |
| **Advantech Co., Ltd.,** | |
| Defendant. | |

### COMPLAINT FOR PATENT INFRINGEMENT

1. Plaintiff Cedar Lane Technologies Inc. ("Plaintiff"), through its attorneys, complains of Advantech Co., Ltd. ("Defendant"), and alleges the following:

### PARTIES

2. Plaintiff Cedar Lane Technologies Inc. is a corporation organized and existing under the laws of Canada that maintains its principal place of business at 560 Baker Street, Suite 1, Nelson, BC V1L 4H9.

3. Defendant Advantech Co., Ltd. is a corporation organized and existing under the laws of Taiwan that maintains an established place of business at No. 1, Alley 20, Lane 26, Rueiguang Road, Neihu District, Taipei 114, Taiwan, R. O. C..

### JURISDICTION

4. This is an action for patent infringement arising under the patent laws of the United States, Title 35 of the United States Code.

1

5. This Court has exclusive subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has personal jurisdiction over Defendant because it has engaged in systematic and continuous business activities in this District. As described below, Defendant has committed acts of patent infringement giving rise to this action within this District.

## VENUE

7. Venue is proper in this District under 28 U.S.C. § 1391(c) because Defendant is a foreign corporation. In addition, Defendant has committed acts of patent infringement in this District, and Plaintiff has suffered harm in this district.

## PATENTS-IN-SUIT

8. Plaintiff is the assignee of all right, title and interest in United States Patent Nos. 6,972,790; and 8,537,242 (the "Patents-in-Suit"); including all rights to enforce and prosecute actions for infringement and to collect damages for all relevant times against infringers of the Patents-in-Suit. Accordingly, Plaintiff possesses the exclusive right and standing to prosecute the present action for infringement of the Patents-in-Suit by Defendant.

## THE '790 PATENT

9. The '790 Patent is entitled "Host interface for imaging arrays," and issued 2005-12-06. The application leading to the '790 Patent was filed on 2000-12-21. A true and correct copy of the '790 Patent is attached hereto as Exhibit 1 and incorporated herein by reference.

## THE '242 PATENT

10. The '242 Patent is entitled "Host interface for imaging arrays," and issued 2013-09-17. The application leading to the '242 Patent was filed on 2005-10-27. A true and correct copy of the '242 Patent is attached hereto as Exhibit 2 and incorporated herein by reference.

## COUNT 1: INFRINGEMENT OF THE '790 PATENT

2

11. Plaintiff incorporates the above paragraphs herein by reference.

12. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '790 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '790 Patent also identified in the charts incorporated into this Count below (the "Exemplary '790 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the '790 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

13. Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '790 Patent Claims, by having its employees internally test and use these Exemplary Products.

14. **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

15. Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '790 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '790 Patent. See Exhibit 3 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

16. **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '790 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '790 Patent.

17. Exhibit 3 includes charts comparing the Exemplary '790 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products practice the technology claimed by the '790 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '790 Patent Claims.

18. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 3.

19. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

COUNT 2: INFRINGEMENT OF THE '242 PATENT

20. Plaintiff incorporates the above paragraphs herein by reference.

21. **Direct Infringement**. Defendant has been and continues to directly infringe one or more claims of the '242 Patent in at least this District by making, using, offering to sell, selling and/or importing, without limitation, at least the Defendant products identified in the charts incorporated into this Count below (among the "Exemplary Defendant Products") that infringe at least the exemplary claims of the '242 Patent also identified in the charts incorporated into this Count below (the "Exemplary '242 Patent Claims") literally or by the doctrine of equivalents. On information and belief, numerous other devices that infringe the claims of the

'242 Patent have been made, used, sold, imported, and offered for sale by Defendant and/or its customers.

22.     Defendant also has and continues to directly infringe, literally or under the doctrine of equivalents, the Exemplary '242 Patent Claims, by having its employees internally test and use these Exemplary Products.

23.     **Actual Knowledge of Infringement**. The service of this Complaint, in conjunction with the attached claim charts and references cited, constitutes actual knowledge of infringement as alleged here.

24.     Despite such actual knowledge, Defendant continues to make, use, test, sell, offer for sale, market, and/or import into the United States, products that infringe the '242 Patent. On information and belief, Defendant has also continued to sell the Exemplary Defendant Products and distribute product literature and website materials inducing end users and others to use its products in the customary and intended manner that infringes the '242 Patent. See Exhibit 4 (extensively referencing these materials to demonstrate how they direct end users to commit patent infringement).

25.     **Induced Infringement**. At least since being served by this Complaint and corresponding claim charts, Defendant has actively, knowingly, and intentionally continued to induce infringement of the '242 Patent, literally or by the doctrine of equivalents, by selling Exemplary Defendant Products to their customers for use in end-user products in a manner that infringes one or more claims of the '242 Patent.

26.     Exhibit 4 includes charts comparing the Exemplary '242 Patent Claims to the Exemplary Defendant Products. As set forth in these charts, the Exemplary Defendant Products

practice the technology claimed by the '242 Patent. Accordingly, the Exemplary Defendant Products incorporated in these charts satisfy all elements of the Exemplary '242 Patent Claims.

27. Plaintiff therefore incorporates by reference in its allegations herein the claim charts of Exhibit 4.

28. Plaintiff is entitled to recover damages adequate to compensate for Defendant's infringement.

## JURY DEMAND

29. Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

A. A judgment that the '790 Patent is valid and enforceable

B. A judgment that Defendant has infringed directly and indirectly one or more claims of the '790 Patent;

C. A judgment that the '242 Patent is valid and enforceable

D. A judgment that Defendant has infringed directly and indirectly one or more claims of the '242 Patent;

E. An accounting of all damages not presented at trial;

F. A judgment that awards Plaintiff all appropriate damages under 35 U.S.C. § 284 for Defendant's continuing or future infringement, up until the date such judgment is entered with respect to the '790; and '242 Patents, including pre- or post-judgment interest, costs, and disbursements as justified under 35 U.S.C. § 284;

G. And, if necessary, to adequately compensate Plaintiff for Defendant's infringement, an accounting:

   i. that this case be declared exceptional within the meaning of 35 U.S.C. § 285 and that Plaintiff be awarded its reasonable attorneys fees against Defendant that it incurs in prosecuting this action;

   ii. that Plaintiff be awarded costs, and expenses that it incurs in prosecuting this action; and

   iii. that Plaintiff be awarded such further relief at law or in equity as the Court deems just and proper.

Dated: January 17, 2022                Respectfully submitted,

                                       /s/ Isaac Rabicoff
                                       Isaac Rabicoff
                                       Rabicoff Law LLC
                                       5680 King Centre Dr, Suite 645
                                       Alexandria, VA 22315
                                       7736694590
                                       isaac@rabilaw.com

                                       **Counsel for Plaintiff**
                                       **Cedar Lane Technologies Inc.**